SANDBUR FARMS, INC., an Oklahoma corporation, and Chris Schmitz, Appellees,

v.

The STATE of Oklahoma, ex rel. DE-PARTMENT OF TOURISM AND RECREATION, Appellant.

No. 80525.

Court of Appeals of Oklahoma, Division No. 2.

May 10, 1994.

Leonard M. Logan, IV, Tommy R. Dyer, Jr., Logan & Lowry, Vinita, for appellees.

W. Craig Sutter, Asst. Atty. Gen., Susan B. Loving, Atty. Gen., Oklahoma City, for appellant.

RAPP, Judge.

Trial court defendant, State of Oklahoma, appeals a judgment entered on a jury verdict in favor of Chris Schmitz for damage to a travel trailer.

On May 27, 1990, water released through the Pensacola Dam floodgates flooded a campground at Cherokee State Park, at which a travel trailer belonging to Chris Schmitz was lawfully parked. Sandbur Farms, the equitable owner, filed a notice of claim on August 27, 1990, pursuant to the Governmental Tort Claims Act, seeking $7,500 for damage to the travel trailer and its trucks as a result of the flooding. The claim was deemed denied by operation of law on November 25, 1990. Sandbur, on May 14, 1991, sued the State for $7,500 for damages to the travel trailer and also to the trucks.

The State, before trial, moved to dismiss Sandbur's claim for damages to the travel trailer because it discovered that the vehicle registration had never listed Sandbur as an owner and, in fact, listed Chris Schmitz as the owner. The State asserted that Sandbur was not the real party in interest. The court agreed and sustained the motion to dismiss. However, the court allowed the record owner, Chris Schmitz, to be substituted as plaintiff for the equitable owner, Sandbur, with respect to the damage to the travel trailer.

In this regard, Chris Schmitz is the son of Gene Schmitz, the president of Sandbur Farms. Gene originally purchased the travel trailer on behalf of Sandbur Farms but

placed the title in his son's name because his son used it at college out of state and also used it as collateral on a school loan note. The original notice was filed by Sandbur Farms due to Gene's mistaken belief that Sandbur was the owner of the travel trailer.

After the substitution, the State moved to dismiss on the grounds that Chris Schmitz had failed to comply with the notice provisions of the Governmental Tort Claims Act by not having filed a notice of claim. The State contended that since notice had not been given by Chris, the court lacked subject matter jurisdiction to entertain the lawsuit. The trial court denied this motion to dismiss on the grounds that there had been substantial compliance with the notice provisions of the Act.

Following jury trial, the court entered judgment in favor of Chris Schmitz in the amount of $7,000 for damage to the travel trailer. Sandbur also recovered a judgment of $479.25 for damage to its trucks.

The State appeals asserting error in the grant of judgment in favor of Chris because he personally failed to file a notice of tort claim and, therefore, the trial court lacked subject matter jurisdiction.

According to 12 O.S.1991 § 2017:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or *substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.* (Emphasis added.)

In the present case, Sandbur, as the equitable owner, did comply with the notice of claim provisions of the Governmental Tort Claims Act by serving a written notice of claim on the State. This notice is required in order to initiate an action against the State. When the son of Sandbur's president and record owner, Chris Schmitz, was substituted for Sandbur, the equitable owner, the subsitution had the same effect as if notice had been given by Chris. Thus, the trial court

did not lack subject matter jurisdiction. Due to this finding, it is unnecessary to address the issue raised in the cross-petition regarding ownership of the travel trailer.

The trial court judgment is in all respects affirmed.

BOUDREAU, P.J., and REIF, J., concur.